Treat, C. J. This was an action of debt brought by the Tnistees of Schools of township two south, in Brown county, against Walters and others, on a bond executed by Walters, as principal, and the other defendants, as sureties, made payable to the plaintiffs, and conditioned for the faithful discharge of the duties of the office of Treasurer of Schools for said township. The breach assigned was the failure of Walters, to pay over the school funds in his hands to his successor in office. At the first term, the defendants filed several special pleas, on which issues were formed. At the second term, the Court, on their motion, dismissed the suit because security for costs had not been given. The propriety of that decision is the only question in the case. The statute provides that, “ In all actions on office bonds for the use of any person, actions on the bonds of executors, administrators or guardians, qui tarn actions, actions on any penal statute, and in all cases in law or equity, where the plaintiff, or person for whose use an action is to be commenced, shall, before he institutes such suit, file, or cause to be filed with the clerk of the Circuit or Supreme Court in which the action is to be commenced, an instrument in writing, of some responsible person, being a residen c of this State, to be approved by the clerk, whereby such person shall acknowledge himself bound to pay, or cause to be paid, all costs which may accrue in such action, either to the opposite party, or to any of the officers of such Court.” It further provides, “ If any such action shall be commenced without filing such instrument of writing, the Court, on motion, shall dismiss the same.” R. S., ch. 26, Secs. 1 and 2. It is very clear that this case is not within the operation of the statute. The action, although on an official bond, was not brought “ for the use of any person.” It was brought by the obligees, for the purpose of recovering moneys belonging to a municipal corporation, of which they were the agents and trustees. It was not a suit on an official bond, for the benefit of an individual, within the meaning of the statute. The first clause of the statute applies only to that class of actions on official bonds, which are brought at the instance and for the benefit of particular individuals or parties, to obtain redress for private injuries resulting from the negligence or misconduct of public officers—such, for example, as actions on the bonds of sheriffs, for false returns, and for not paying over moneys collected on execution. The object of the suit must be to enforce a private right, and not a public duty. The action has to be brought in the name of the obligee, in whom the legal interest in the bond is vested, but it is subject to the control, and is prosecuted solely for the benefit of a particular person or party. If he is permitted to avail himself of the privilege of sueing on the bond, he should be held responsible for costs if he is unsuccessful. Not being a party to the record, no judgment can be entered against him. Hence the necessity of this provision of the statute. In this class of cases, the party, for whose use an action is prosecuted, is required to give security for costs, before commencing the action. The object of the requisition is to discourage unnecessary litigation on official bonds, and secure defendants and officers of Courts in the payment of their costs, where the prosecution is unsuccessful. But in all other actions on official bonds, security for costs need not be given. It manifestly was not the design of the legislature, to require security for costs to be given in actions instituted on official bonds, to enforce the performance of public duties. The statute declares, that in all actions commenced for or on behalf of the people of the State, or the Governor, or for or on behalf of a County, or in the name of any person for the use of the people, or a County, in which the plaintiff shall be unsuccessful, the defendant shall recover no costs whatever. R. S., ch. 26, § 14. And it also provides that, “ No justice of the peace, constable, clerk of a Court, or sheriff, shall charge any costs in any suit where any agent of any school fund sueing for the recovery of the same, or of any interest due thereon, is plaintiff, and shall be, from any cause, unsuccessful in such suit.” R. S., ch. 98, § 87. These provisions embrace every case in which actions can be brought on official bonds, for matters affecting the interests of the public, and they express^ exempt the plaintiffs in such actions from the payment of costs, in the event they are unsuccessful. If they are not compelled to pay costs, the legislature certainly never intended to require them to give security for their payment. But, if this case was within the statute first recited, the decision of the Court was erroneous. The defendants were too late with the motion to dismiss, after answering to the merits of the action. It is a dilatory motion, in the nature of a plea in abatement, and if not made in due time, must be considered as waived by the party. The want of a bond for costs does not affect the jurisdiction of the Court. It is required to be given for the benefit of the defendant, and he may insist upon or waive his right. If he objects to the prosecution of the action, because no security for costs was given when it was commenced, he must interpose the objection before he attempts any defence on the merits. He cannot raise the objection, after the time has ¡oassed for pleading in abatement. A statute of Massachusetts declares that, “ All original writs, in which the plaintiff is not an inhabitant of the State, shall, before the entry thereof, be endorsed.” A non-resident commenced an action, without having the writ endorsed. At the second term, the defendant moved to dismiss the case for that reason. The Supreme Court held, that the motion was properly refused. They said: “ But it is perfectly manifest, that it is a provision made for the benefit of the defendant, and therefore he may waive it; and upon very strong grounds of justice and expediency, it has been adjudged, that if he does not take advantage of it in season, he does waive it.” Carpenter v. Aldrich, 3 Metcalf, 58. In Arkansas, under a statute similar to ours, it was decided that the failure of a non-resident plaintiff to file a bond for costs, was a matter in abatement only, and that the defendant, by pleading to the merits, waived it altogether. Clark v. Gibson, 2 Arkansas, 109. See also, the cases of Robertson v. Co. Com., 5 Gil., 559; Fonville v. Richey, 2. Richardson, 10; and Duncan v. Stint, 5 Barnewell and Anderson, 702. The judgment of the Circuit Court must be reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.