JOHN FRASURE, Appellant, *v.* JAS. A. ZIMMERLY, Appellee.

APPEAL FROM EDGAR.

After the jury is impanneled, it is too late to require the plaintiff to give security for costs.

It is the province of the jury to decide questions of fact, and instructions which assume to decide such questions, instead of leaving them to the jury, are erroneous.

THIS was an action on the case, for the deceitful sale of a stable horse, commenced by the appellee against the appellant, and tried at the October term, 1860, of the Edgar county Circuit Court, before HARLAN, Judge, and a jury.

The declaration contains two counts, and is in the ordinary form, charging, substantially, in each, that the plaintiff represented the horse's eyes to be sound, when he knew them to be unsound.

The defendant plead the general issue.

After swearing the jury, but before any further progress was made in the trial of the cause, defendant below submitted to the court a motion for a rule upon the plaintiff to show cause why he should not give bond for costs, as required by law, and supported the same by the following affidavit, to wit:

JOHN FRAZIER,
   *vs.*               } *Case.*
JAMES A. ZIMMERLY.

John Frazier, the defendant in this suit, being duly sworn, deposes and says, that since plea pleaded in this cause, and pending the impannelment of the jury herein, he was, for the first time, apprised, by the statement of plaintiff's counsel, that he has gone out of this State, into the State of Kentucky, and had not been present during this term of this court; affiant shows, that upon inquiry and from information aforesaid, he believes said plaintiff to be so unsettled in point of residence, as to endanger the officers of this court with respect to their legal demands against him for costs, which fact has only come to his knowledge since the calling of this cause for trial, and under the circumstances stated, etc.

Affidavit subscribed and sworn to, etc. The court overruled the motion; to which the defendant at the time excepted.

The character of the evidence, and the instructions, are sufficiently stated in the opinion.

C. H. CONSTABLE, and JOHN SCHOLFIELD, for Appellant.

A. GREEN, for Appellee.

CATON, C. J.   It was too late, after the jury was impanneled, to move the court to require the plaintiff to give ·security for costs.   Nor do we find any error in the decisions of the court upon the admission of the evidence.

Although the testimony in some respects was contradictory, yet it warranted the jury in finding that the horse was diseased in his eyes at the time the defendant sold him to the plaintiff, which fact was then known to the defendant ; that he assured the plaintiff that the horse's eyes were sound, with the intent to deceive the plaintiff, who was thereby deceived, and induced to purchase the horse as a sound horse.   If such was the case, there can be no question that the plaintiff had a right, within a reasonable time after he discovered the fraud, to repudiate the purchase, return the horse, and recover back the purchase money or price paid for the horse, and a reasonable compensation for his keeping, and also, the expense of taking him to Kentucky and returning him, if the defendant knew at the time he sold the plaintiff the horse, that he was purchased for the purpose of taking him to Kentucky for a particular service, and that he was taken there accordingly before the plaintiff discovered the disease. of which he complains.   If he had previously discovered the disease, he had no right to take the horse south, and then bring him back, and charge the defendant with the expense of that trip, and the proof does show that the disease was palpably manifest in the horse's eyes before he started for Kentucky.   In this state of the case, the court should have left it to the jury to say whether, when he took the horse away, he believed it to be but a temporary soreness of the eyes, having its origin since he purchased him, and which would not render him unfit for the service for which he purchased him, or whether he then had reason to believe that it was the development of the permanent disease of which he now complains.   But instead of this, the court told the jury, that if they found for the plaintiff, he was entitled to recover the expenses of the trip to Kentucky, besides the price paid and the expense of his keeping.   This is the instruction given and excepted to :

" That if the defendant made the contract with the plaintiff, as alleged by the plaintiff in his declaration, and if the defendant knowingly represented the horse to be sound, when he knew him to be unsound, and if the plaintiff as soon as he ascertained the horse to have been unsound, tendered him back to the defendant, and demanded a rescision of the contract, he has a right to recover of the defendant the price paid for the horse, and his reasonable expenses in taking the horse to and from Kentucky, and the expenses of keeping the horse, in his damage in this case."

Now here the court has taken from the jury every question of fact about this trip to Kentucky, while beyond all doubt that was a question for the jury to find, before they could under any circumstances be authorized to allow the expenses of that trip to the plaintiff.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*