Roberts et al. *v.* Fahs et al.

ROBERTS *et al.*, TRUSTEES, &c.,

*v.*

FAHS *et al.*

1. BOND FOR COSTS—*non-resident plaintiff in error.* The statute requiring non-resident plaintiffs to file a bond for costs before commencing their suits, applies in the case of a writ of error sued out of the Supreme Court.

2. ORDER OF PROCEEDINGS — *of the time within which to object that no bond for costs is given.* A motion to dismiss a cause upon the ground that a non-resident plaintiff has commenced his suit without having filed a bond for costs, is in apt time if interposed before the time has passed for pleading in abatement.

WRIT OF ERROR to the Circuit Court of Wabash County.

After a rule to join in error had expired, but before a default was asked for non-joinder, the defendant in error filed an affidavit that the plaintiff in error was a non-resident of this state at the time this writ of error was sued out, and that no bond for costs has been filed, and thereupon moved for a rule upon the plaintiff to show cause why the writ should not be dismissed.

PER CURIAM: The statute is imperative, that if a non-resident plaintiff shall institute his suit without first having given a bond for costs, " the court, on motion, shall dismiss the same." Scates' Comp. 244. A writ of error is considered as a new action, and the statute applies to all suits instituted in the Circuit or Supreme Court by non-resident plaintiffs. *Ripley* v. *Morris*, 2 Gilm. 382; *Hickman* v. *Haines*, 5 id. 20.

The motion is in apt time. It is made before the time has passed for pleading in abatement, which is sufficient. *Trustees* v. *Walters*, 12 Ill. 154; *Randolph* v *Emerick*, 13 Ill. 346.

The rule will be entered. *Rule nisi.*

Afterwards, the plaintiff having failed to show cause against it, the rule was made absolute.

NOTE. — The foregoing motion was decided at the November Term, 1863.