JOHN B. HUNTER, Administrator,

*v.*

WESLEY A. BILYEU.

1. PLEADING —*judgment on a plea not answered.* A demurrer to two special pleas, being overruled, was withdrawn, and a replication filed to one of the pleas only. *Held,* that the defendant was entitled to judgment on the plea not replied to. By withdrawing his demurrer the plaintiff lost his right to insist upon it.

2. SAME — *carrying a demurrer back to a former pleading.* A demurrer to a pleading cannot be carried back to another which the pleading demurred to does not profess to answer and with which it has no connection.

3.  So a demurrer to a replication to one of two pleas, cannot be carried back to the plea which remains unanswered.

4.  COSTS—*judgment therefor against an administrator.* In a suit by an administrator upon a promissory note given to his intestate, two special pleas were filed; a demurrer thereto was overruled, and afterward withdrawn, whereupon the plaintiff filed three replications to the second plea, leaving the first plea unanswered. A demurrer being filed to the replications, it was sustained to the first and third and overruled as to the second, and, the plaintiff declining to amend, the court, as the record recites, gave judgment against him for costs. *Held,* that while the defendant was entitled to judgment on the pleadings, it was error to render a judgment for costs against the plaintiff personally.

5.  VENDOR AND PURCHASER—*payment of the purchase-money for land and making the deed, concurrent acts.* A vendor of land agreed in writing to make to the vendee a title thereto in four years from the date of the contract, or when certain notes therein described should have been paid. In a suit upon one of these notes, the maker pleaded that the note sued on was the last of the series given for the purchase-money of the land, that all the others had been duly paid, and that the plaintiff had failed to tender a deed before bringing suit. This was held to be a good plea.

WRIT OF ERROR to the Circuit Court of Bond county.

On the 30th day of March, 1850, Samuel W. Hunter executed to Wesley A. Bilyeu and Finis Bilyeu a bond, as follows:

"Know all men by these presents: That I, Samuel W. Hunter, bind myself, my heirs, administrators and executors, firmly by these presents, to make or cause to be made unto Wesley A. Bilyeu and Finis Bilyeu, a good and sufficient title to certain lands described below, in the penal sum of three thousand dollars, in four years from this date, or when the following notes shall have been paid, viz.:" (describing a series of notes, and following with a description of the land sold.) "The condition of the above obligation is such, that if the said S. W. Hunter shall comply with the above obligation, then said obligation will be void. Otherwise to remain in full force in law.

"Signed, sealed with my own hand, and delivered this 30th day of March, 1850.

"SAM'L W. HUNTER.  [SEAL.]"

On the 8th day of September, 1865, John B. Hunter, as administrator of Samuel W. Hunter, deceased, instituted suit

in the court below against Wesley A. Bilyeu, on the following note:

" On or before the 30th day of March, A. D. 1855, for value received, we or either of us promise to pay S. W. Hunter, or order, the sum four hundred dollars, with eight per cent. interest from the 1st day of November, 1850, till paid.

" Witnesseth our hands and seals, this 30th day of March, 1850.
" WESLEY A. BILYEU,   [SEAL.]<br>" FINIS BILYEU.          [SEAL.]"

The defendant pleaded, among other things, that the note sued upon was the last of the series of notes described in the bond mentioned, and given for the purchase-money of the land; that all the others had been duly paid, and that the plaintiff had failed to tender a deed before bringing suit. The sufficiency of this plea is one of the questions presented in the case.

Mr. S. P. MOORE, for the plaintiff in error.

Messrs. PHELPS & METCALF, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt on a promissory note under seal, brought by John B. Hunter, as administrator of Samuel W. Hunter, against Bilyeu. The defendant pleaded two special pleas. The plaintiff demurred to both pleas. The court overruled the demurrer, and it was withdrawn. The plaintiff then filed three replications to the second plea. The defendant demurred to these replications, and the demurrer was sustained to the first and third and overruled as to the second, and, the plaintiff declining to amend, the court, as the record recites, gave judgment against him for costs.

As the plaintiff had withdrawn his demurrer to the first plea, and failed to reply to it, the defendant was entitled to judgment on that plea. The sufficiency of that plea is not before us. By withdrawing his demurrer, the plaintiff has lost

24—39TH ILL.

his right to insist upon it. Neither can he, as he seeks to do in his brief, bring that plea before us by carrying back the demurrer to the replications to the *second* plea. A demurrer to a pleading cannot be carried back to another which the pleading demurred to does not profess to answer, and with which it has no connection. *Ryan* v. *May*, 14 Ill. 49. We have, however, examined the first plea and find it good, in substance. It is the ordinary plea averring the note sued on to be the last of a series given to the plaintiff for the pur-chase-money of land, that all the others had been duly paid, and that the plaintiff had failed to tender a deed before bring-ing suit.

This plea having been held good by the court, and remaining wholly unanswered, it would have been proper to render judg-ment against the plaintiff for costs, to be paid in the due course of administration. Inasmuch, however, as the judgment was rendered against the administrator personally, it must be reversed and the cause remanded.

*Judgment reversed.*