# The People of the State of Illinois, for the use of Nancy J. Ingram's Administrators.

### *v.*

## Aaron G. Cloud *et al.*

1. Bond for costs—*time to object for want thereof.* After a demurrer to the declaration, it is too late to move to dismiss the cause for want of security for costs. Such a motion is a dilatory motion, and if not interposed in due time will be considered as waived, and it is not in apt time after the time for pleading in abatement has passed.

2. Judgment against the plaintiff—*in an action on an official bond—the beneficial plaintiff being an administrator.* In an action in the name of the people, for the use of an administrator, upon the official bond of another administrator,

upon a dismissal of the cause, judgment was entered against the plaintiffs for costs. This was erroneous, for if the people were plaintiffs no judgment for costs could be given against them; if the administrator for whose use the suit was brought, then the judgment should not have been against him personally, but to be paid in due course of administration.

WRIT OF ERROR to the Circuit Court of Hamilton county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The facts are fully presented in the opinion.

Messrs. TANNER & CASEY and Mr. JOHN COKER, for the plaintiffs in error.

Messrs. McELVAIN & HAMILL and Messrs. TOWNSHEND & WALKER, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Hamilton Circuit Court, against the sureties of a defaulting administrator, on his bond as administrator, brought to the October term, 1866, of that court.

At this term, the defendants put in a general demurrer to the declaration, which was sustained, and leave given plaintiffs to amend. The amendment was made and the cause continued until the next April term, at which term the cause was again continued to the October term. At that term the defendants again filed a demurrer to the declaration, but subsequently withdrew it; and at the same time the plaintiffs asked and obtained leave to amend their declaration, and the cause was continued.

At the April term, 1868, the defendants submitted a motion to dismiss the cause for want of a bond for costs, which motion, against the objections of plaintiffs, the court allowed, and adjudged the costs against the plaintiffs.

To reverse this judgment the record is brought here by writ of error.

Plaintiffs in error make the point that it was error to dismiss the suit for the cause alleged.

They insist the motion came too late. The demurrer to the declaration was to the merits, and we know of no precedent in this court, where, after a plea to the merits, a dilatory motion has been sustained. In the case of *Trustees of Schools* v. *Walters*, 12 Ill. 154, it was held, a motion to dismiss for want of security for costs, even in cases within the statute, comes too late after answering to the merits. It is a dilatory motion, and if not interposed in due time, will be considered as waived, and it is not in apt time after the time for pleading in abatement has passed.

To the same effect are *Randolph* v. *Emerick*, 13 ib. 344, and *Dunning* v. *Dunning*, 37 ib. 306, and such is the whole current of the decisions of this court.

In *Ripley* v. *Morris*, 2 Gilm. 381, no step had been taken in the cause, and the motion to dismiss was, therefore, in apt time, and the same in *Hickman* v. *Haines*, 5 ib. 20, cited by defendants in error.

In *Edwards* v. *Helm*, 4 Scam. 143, cited by defendants in error, the court denied the rule to give security for costs, the motion having been made after the argument had commenced, and in *Frasure* v. *Zimmerly*, 25 Ill. 202, it was denied, the motion having been made after the jury was empanneled.

Another point made by plaintiffs in error is, that the court gave judgment for costs against the administrators, personally.

The administrators of Ingram were the *cestuis que use* of the plaintiffs, who were the people of the State.

The judgment is that the defendants recover of the plaintiffs the costs. Now, if the people were plaintiffs no judgment for costs could be given against them; if the administrators, then the judgment should not be against them personally, but to be paid in due course of administration. *Church et al.* v.

*Jewett et al.,* 1 Scam. 55 ; *Hunter, Admr.* v. *Bilyeu,* 39 Ill. 367.

For the reasons given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*