## CALISTA O. VAN SLYCK *vs.* JEROME S. WOLCOTT, LEVI SPRAGUE HENRY CLARK AND W. J. BOWEN.

1. Under § 4115, of *Comp. Laws*, a motion to reqire the plaintiff to file security for costs, made at the third term after issue joined in the cause, without showing any reason for the delay, comes too late, and will be refused.

2. Under the statute, the motion is addressed to the sound discretion of the Court, and when made at such a late day, without giving any special reason therefor, it can hardly be said to "appear reasonable and proper" to grant it.

3. Even under § 4113, requiring non-resident plaintiffs to have all writs and declarations endorsed before service therof, by some sufficient person as security for costs, who is an inhabitant of the State, if the plaintiff neglect so to do and the defendant do not apply promptly for the security, he will be deemed to have waived it.

*Branch Circuit, February,* 1871.

Motion by defendants to require the plaintiff to give security for costs, under § 4115, *Comp. Laws.* The only ground urged in the affidavit on which the motion was founded was that the plaintiff had not property liable to execution, sufficient to satisfy any execution for costs that might be recovered against her in the action. The action was in trover, the parties were all residents of the city of Coldwater, the issue had been joined in the cause on the 23d of May, 1870; and this was the third term subsequent to the joining of the issue. No reason or explanation was given for not having made the application at an earlier day.

*C. B. Pratt,* Plaintiff's Attorney.

*L. Sprague, Shipman & Loveridge,* Defendants' Attorneys

*By the Court,* UPSON, J.—The provision in the statute, § 4115, *Comp. Laws,* authorizing the Court to require a plaintiff to give security for costs in civil actions pending therein, "when it shall appear reasonable and proper" so to do, was manifestly made for the benefit of defendants, and therefore may be waived by them if they see fit not to call seasonably for its exercise. When the application is made promptly the motion is still addressed to the sound discretion of the Court, and it must be made to appear "reasonable and proper" to grant it before the parties applying can appropriately call upon the Court to exercise this power under the statute. In this case the parties all reside in this city, are personally known to each other, and are presumed to have had reasonable knowledge of each other's pecuniary circumstances, at least prior to or at the time of joining issue herein, yet they have seen fit to wait until the third term subsequent to the joining of issue before making this application, and in their affidavit make no explanation of, and give no reason for the delay. Reasonable diligence in making the application should be required, and that seems not to have been exercised in this case.

Even under § 4113, requiring all original writs and declarations for the commencement of suits, where the plaintiffs are not inhabitants of the State, to be, before the service thereof, indorsed by some sufficient person who is an inhabitant of this State, a party is required in case of its omission by a plaintiff to take advantage of it in season, and if he does not he has been adjudged

TERRIEL v. GROVE.

to waive it. *Carpenter vs. Aldrich*, 3 *Met.*, 58. See also as to the rule in such cases requiring the motion to be made promptly, and in the first instance, or it is waived, *Adams vs. Miller*, 12 *Ill.* 27; and 14 *Ill.*, 71; *Edwards vs. Helm*, 4 *Scam.*, 143; *Robertson vs. The Co. Com'rs*, 5 *Gilm.*, 559; *Randolph vs. Emerick*, 13 *Ill.*, 344; *Frasrue vs. Zimmerly*, 25 *Ill.*, 202; 2 *Ark.*, 109; 2 *Rich.*, (*S. C.*,) 10.

The English practice also requires the defendant to make his application promptly after he knows of the plaintiff's being abroad, and before he takes any subsequent step in the cause.— *Grah. Pr.*, 507; 2 *Chit. Archb.*, 864; 5 *B & Ald.*, 702; 1 *D. & R.*, 348; 1 *Moore & Payne*, 30. See also cases cited in margin of *Comp. Laws*, § 4113, by compiler.

The motion in this cause comes too late, and under all the circumstances it does not "appear reasonable and proper" to grant it, and it must be denied.