EDGAR GOLD & SILVER MINING CO. v. TAYLOR ET AL.

1. The cost bond required of non-residents before commencing suit, if tendered after action brought, even though before the motion to dismiss is interposed, comes too late.

2. The right to assign error on the denial of this motion is not waived by pleading over.

### Appeal from District Court, Gilpin County.

The plaintiff, a corporation organized under the laws of the state of New York, brought this action against Fernando C. Taylor, one of the appellants, to determine the rights to possession of certain mining premises, in support of an adverse claim. The action was commenced on the 6th day of March, 1882. A cost bond was filed on the 20th day of April, and the summons served on defendant on the 22d day of April, 1882. On the 4th day of May following, the defendant filed a motion to dismiss the action on the ground that the plaintiff was not a resident of this state, and no cost bond was filed before the commencement of the action. The court denied the motion, to which ruling and order defendant duly excepted. On the 5th day of July, 1883, the Mitchell Mining & Milling Company made application to the court to be substituted as defendant in the action in the place of Fernando C. Taylor, which application was denied, but applicant was granted leave to join with said Taylor as defendant, the answer of said Taylor to stand as the joint answer of said joint defendants; and thereupon the Mitchell Mining & Milling Company entered an appearance in the action, and contested the same to final judgment. Replication filed by plaintiff to amended answer of defendants on the 7th day of July, 1883. Trial to jury, and verdict that plaintiff is entitled to the possession of certain portions of the premises in controversy, and is entitled to recover $50 for surveys, plats and abstracts, and $50 attorney's fees. Motion for new trial by defendants.

Motion denied, and judgment entered on the verdict, from which both defendants appeal. There is no appearance in this court by the appellee.

"Section 1. In all actions on office bonds for the use of any person, actions on the bonds of executors, administrators, or guardians, *qui tam* actions on any penal statute, and in all cases in law and equity where the plaintiff, or the person for whose use an action is to be commenced, shall not be a resident of this state, the person or plaintiff for whose use the action is to be commenced shall, before he institutes such suit, file, or cause to be filed, with the clerk of the court in which the action is to be commenced, an instrument in writing, of some responsible person, being a resident of this state, to be approved by the clerk, whereby such person shall acknowledge himself bound to pay, or cause to be paid, all costs which may accrue in such action, either to the opposite party or to any of the officers of such court; which instrument may be in form as follows:   *   *   *"

"Sec. 2. If any such action shall be commenced, without filing such instrument of writing, the court, on motion, shall dismiss the same, and the attorney for the plaintiff shall pay all costs accruing thereon.   *   *   *"

Mr. M. F. UFFORD, for appellants.

PER CURIAM. The first error assigned is that the court below erred in denying the motion of defendants to dismiss the action for want of the cost bond required by law. The motion is based upon the provisions of sections 1, 2, chapter 20, General Laws, page 189. The requirement of the first section is that the non-resident plaintiff shall, "*before he institutes such suit,* file, or cause to be filed, with the clerk," etc., the cost bond therein specified and required; and section 2 declares that, if any such action shall be *commenced,* without filing the cost bond required by section 1, the court, on motion, shall dismiss

the same. This court has repeatedly held that this language is unequivocal, and leaves nothing to the discretion of the court. *Filley v. Cody*, 3 Colo. 221; *W. U. Tel. Co. v. Graham*, 1 Colo. 183; *Talpey v. Doane*, 2 Colo. 299. It follows that filing the bond subsequently to the commencement of the suit, and whether before or after the motion to dismiss is interposed, cannot avail the plaintiff. *Farnsworth v. Agnew*, 27 Ill. 42; *Sutro v. Simpson*, 14 Fed. Rep. 370.

The motion to dismiss was the first action taken by the defendant upon his appearance to the suit, and was in apt time. *Trustees v. Walters*, 12 Ill. 154; *Randolph v. Emerick*, 13 Ill. 346; *Robertson v. County Com'rs*, 5 Gilman, 565; *Roberts v. Fahs*, 32 Ill. 474; *People v. Cloud*, 50 Ill. 439.

The motion was in the nature of a plea in abatement; the defendant, by answering over, did not waive his right to assign for error the decision of the court overruling the motion. Puterbaugh, Pl. 150; *Delahay v. Clement,* 3 Scam. 201.

For this error the judgment of the court below must be reversed and the cause remanded, with a direction to the court below to dismiss the same.

*Reversed.*