# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

FIRST DISTRICT—OCTOBER TERM, 1896.

## Bernard Iago, by Annie Brock, his Next Friend, v. Selina Iago.

1. PARTIES—*Insane Persons.*—An insane person can not be a complainant in a suit for divorce, where nothing but the *status* of the parties is involved, for the reason that such person is incapable of electing whether he will remain married or become single, and no person can elect for him.

2. PRACTICE—*Writ of Error a New Suit.*—A writ of error is a new suit.

3. CHILDREN—*Custody of.*—The custody of a daughter will, in general, be awarded to the mother in proceedings for divorce, but the court has power at any time to change such custody, should there be cause for so doing.

**Bill for Divorce.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Writ of error dismissed. Opinion filed October 22, 1896.

M. D. BROWN and HALEY & O'DONNELL, attorneys for plaintiff in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. This is a writ of error to reverse a decree of divorce.

The plaintiff in error was insane when the suit was commenced, and has so continued hitherto. This writ is prosecuted by a next friend. No property is involved. There

is a daughter of some dozen years, the custody of whom is awarded to the defendant in error.

A motion is made by the defendant in error to dismiss the writ of error upon the ground that the plaintiff in error is incapable to elect whether he will remain married or become single, and no person can elect for him. That, being insane, he could not have been complainant in a suit for divorce, is settled. Bradford v. Abend, 89 Ill. 78.

The reason for so holding is that an insane person is incapable to elect. And yet the court held that a bill by the conservator of the insane wife, to set aside a decree of divorce entered in a suit in which she was complainant, would lie. To such a bill it would seem that capacity to elect was as necessary as to an original bill for a divorce. The case does not show whether any property interests were involved or not, but unless there had been, there could have been no conservator of the insane wife. Sec. 1, Ch. 86, R. S.

Here there is absolutely nothing at stake but the union of the persons.

The custody of the daughter is with the defendant in error, with or without a divorce. There is nobody else to take care of the child; nature devolves that care upon the mother. With the decree of divorce in force, the court which granted it may at any time change that custody, should there be cause for so doing. Sec. 18, Ch. 40, R. S.

This writ of error is a new suit. Roberts v. Fahs, 32 Ill. 474.

To commence it, somebody must elect, and that the plaintiff in error can not do. And we hold that nobody else can do it for him, as nothing is involved except the *status* of the parties.

This writ is therefore dismissed, at the cost of Annie Brock, who sued it out as next friend of the plaintiff in error. 4 Am. & Eng. Ency. of Law, 318.

Writ dismissed.