**Alma Johnson, Plaintiff in Error, v. Omer C. Wright, Defendant in Error.**

**Gen. No. 6,843.**

1. PLEADING—*when filing of amended replication not authorized by extension of time to file original.* Where, pursuant to an extension of time by the court, plaintiff filed a replication to a plea by defendant, plaintiff could not afterwards file another replication in reliance on such extension without further leave of court, and such a filing would be void.

2. APPEAL AND ERROR—*when pleading filed without leave not considered.* Where an amended replication is void because filed without leave of court, it is the duty of the Appellate Court to disregard it.

3. JUDGMENT—*when demurrer to which order applicable to be specified.* Where there were two pending demurrers to replications, a judgment order on demurrer should have been specified as to which demurrer was intended.

4. JUDGMENT—*how judgment construed where demurrer to which applicable not specified.* Where two demurrers to replications were pending and the judgment order did not specify which was intended, but the language of the judgment order related to a demurrer to a single replication and one of the demurrers was to a single replication, while the other was to four amended replications, the court concluded that the former was intended.

5. APPEAL AND ERROR—*when position inconsistent.* After submitting his case upon an assignment of error reciting that "the court below erred in sustaining the demurrer to the replication to the third plea," plaintiff in error can hardly be permitted on a petition for rehearing to say that the court did not act upon that demurrer but upon a different one.

6. JUDGMENT—*when demurrer to replication on scire facias to revive judgment proper.* Upon scire facias to revive a judgment for breach of promise of marriage, where the general object of the pleas was to set up a discharge in bankruptcy and the general object of plaintiff's replications was to set up a seduction by defendant under the promise of marriage and to claim that the judgment was for said seduction, not merely for the breach of promise of marriage, so as to bring the judgment within an exception from the effect of a discharge in bankruptcy of judgments for wilful and malicious injury to the person of another, *held* that plaintiff's replication contained no averment of fact which showed that damages for seduction were proved by way of aggravation of damages in the breach of promise case or that could make any such proof admissible, and the court properly sustained a demurrer to such replication.

7. RELEASE—*when construed as release for damages by sexual intercourse.* On scire facias to revive a judgment for breach of promise of marriage in which it was sought to avoid a plea of discharge in bankruptcy by showing that the judgment included damages suffered by reason of wilful and malicious injury to plaintiff's person and property, *held* that a certain release set up in defendant's plea and admitted in plaintiff's replication did satisfy and discharge any damages by reason of any sexual intercourse between defendant and plaintiff prior to the date of the release.

8. PLEADING—*when one good plea in bar of several sufficient.* Where there is one good plea in bar to the whole declaration, it terminates the suit even if other pleas are bad.

Error to the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed June 28, 1921. Rehearing denied June 28, 1921. *Certiorari* denied by Supreme Court (making opinion final).

FRANK N. REED and CHARLES E. GREEN, for plaintiff in error.

EDWARD D. SHURTLEFF, for defendant in error; C. P. BARNES, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

We affirmed the judgment of the court below in this case, and filed an opinion. A petition by plaintiff in

error makes it desirable to modify the opinion in order to set out more fully the state of the record.

This is a scire facias by Alma Johnson to revive a judgment for $2,500, obtained by her on June 2, 1899, against Omer C. Wright, in an action for breach of promise of marriage. This proceeding was begun August 21, 1916. There were pleas, replications and demurrers to replications, and on the pleadings there was a judgment for defendant, and plaintiff has sued out this writ of error to review the record. The general object of the pleas was to set up a discharge in bankruptcy, obtained by defendant on October 3, 1899. The general object of the replications was to set up a seduction of plaintiff by defendant under said promise of marriage, and to claim that said judgment was for said seduction and not merely for the breach of promise. The Bankruptcy Act of 1898, in force when this judgment was obtained, excepted from the effect of a discharge in bankruptcy judgments for wilful and malicious injury to the person of another. Amendments were afterwards made to said Bankruptcy Act in 1903 and in 1907 which provided that a release in bankruptcy should not discharge a liability for seduction of an unmarried female or for breach of promise of marriage accompanied by seduction. These amendments were not in force when this original judgment was obtained, and these replications sought to show that said judgment for breach of promise included damages for seduction, and that such seduction was a wilful and malicious injury to plaintiff's person under the Bankruptcy Act of 1898.

The order of pleading was as follows: On September 27, 1916, defendant filed two pleas, to which plaintiff filed five replications, and defendant demurred thereto. On June 25, 1917, plaintiff filed four amended replications to said two pleas, by which she abandoned her original replications. Defendant filed a demurrer to said four amended replications, which demurrer is

inserted in the record out of its chronological order. On August 20, 1917, defendant filed a third plea. On September 18, 1917, plaintiff filed one special replication to said third plea, and on September 24, 1917, plaintiff filed a special demurrer to said replication to the third plea. On December 31, 1917, defendant filed an amended replication to said third plea. The petition for a rehearing asserts that this was filed pursuant to an order of September 8, 1917, at the May term, which extended plaintiff's time to reply to said third plea to the September term. But plaintiff filed said original replication to said third plea on September 18, 1917, and this was pursuant to said extension of time to the September term, and plaintiff could not afterwards file another replication in reliance on said extension without a further leave of court. Besides, this amended replication filed December 31, 1917, was not entitled of any term and this record does not show that the September term was still in session. Plaintiff never asked or obtained a rule on defendant to rejoin to said amended replication, and no rejoinder or demurrer thereto was ever filed. There is nothing to show that either the court or counsel for defendant knew that that amended replication was on file. The filing of it without leave of court was void. *Walter Cabinet Co. v. Russell,* 250 Ill. 416; *Farmer v. Fowler,* 288 Ill. 494. As it was filed without leave, it is our duty to disregard it. The final judgment of May 28, 1918, recites: ''This cause coming on to be heard on the demurrer to the replication heretofore filed herein,'' the court heard arguments and sustained the demurrer, and the plaintiff ''elects to stand by her replication,'' and judgment for defendant followed. As there were two pending demurrers to replications, the order should have been more specific as to which demurrer was intended. But as the language of the judgment order relates to a demurrer to a single replication, whereas the other demurrer was to four

amended replications, part of them to the first and second pleas and the others to the first or second plea only, while the demurrer to the replication to the third plea is the only demurrer to a single replication, we conclude that the demurrer to the replication to the third plea is the one which, according to the record, was acted upon by the court. The petition for a rehearing denies this, but we think we have correctly interpreted the record. Besides, the second assignment of error is as follows: "The court below erred in sustaining the demurrer to the replication to the third plea." After submitting the case upon that assignment, plaintiff in error can hardly be permitted on a petition for rehearing to say that the court did not act upon the demurrer to the replication to the third plea.

The third plea averred that plaintiff ought not to have execution against defendant on said original judgment because that suit was brought May 14, 1897; and it set out the declaration in said case, which was merely for a breach of promise of marriage, and it set out that said suit was brought on that cause of action only, and that the same was tried and judgment was entered on that cause of action and on no other cause of action. The plea averred that on January 22, 1896, defendant and plaintiff had a complete settlement for all damages sustained by plaintiff for all wrongful, malicious or any other injury to the person of the plaintiff committed and done by the defendant at any time prior to that time and that defendant then paid plaintiff $250 and plaintiff executed to defendant the following release:

"Marengo, Ill., January 22, 1896.

"Received of Omer C. Wright by Edward H. Held, the sum of $250, in full satisfaction, release and discharge of any and all claims of every kind and character I now have or may hereafter acquire against said Omer C. Wright by reason of his being the father of my child now about five months old. And in con-

sideration of my having received the above sum, I hereby fully release, acquit and discharge the said Omer C. Wright from any and all liability by reason of his being the father of said child and I also hereby release and discharge him from any and all claims I have against him for damages of every kind and character for above, or anything else.

ALMA JOHNSON."

The plea also averred that thereafter in the trial of said cause the court gave the jury an instruction to the effect that this action is only brought to recover damages for breach of promise to marry and that no claim is or can be made by plaintiff in this suit for any damage on the ground that defendant is the father of her child; and also another instruction to the effect that no claim is or can be made in this case by plaintiff for any damage by reason of her becoming pregnant and having given birth to a child. The plea further averred that on the trial of said cause said release and the payment of said money and said instructions were fully before the said jury and that the verdict and the judgment were entered in said cause only for the breach of contract of marriage set forth in the declaration, and that there were no damages by aggravation and otherwise for any injury, wilful or otherwise, to the person or property of plaintiff and no damages for seduction of plaintiff that entered into said verdict and judgment. The plea then set up at length the proceedings in bankruptcy against Omer C. Wright and the scheduling of this judgment and due and legal notice to plaintiff of said proceedings, and the order of October 3, 1899, discharging defendant from all debts provable against defendant's estate which existed on June 19, 1899, except such debts as are by law exempted from the operation of the discharge in bankruptcy. The plea further alleged that the causes of action in the declaration mentioned were provable against the estate of defendant under said Act of Congress and existed

on June 19, 1899, and that none of said causes of action in said declaration mentioned is in respect to any debt which is by the Act of Congress excepted from the operation of the discharge in bankruptcy. By her replication to said third plea plaintiff admitted that her judgment was entered on a declaration as set out in said third plea; that said release by her to defendant was received in evidence on the trial of said cause; and she averred that said cause of action was not barred by her said release, since it only covered liability of defendant by reason of his being the father of her child, and that at the time of said release she had no claim against defendant and never did have any claim against defendant by reason of defendant being the father of her child, because, under the law of this State, a woman who consents has no claim enforceable by action in the courts. Plaintiff further averred that her suit was brought and judgment entered for breach of the marriage promise; that the liability therefor was not discharged by the release in bankruptcy; that part of the damages allowed in said cause was for the wilful and malicious injury to the person and property of plaintiff by reason of said breach of the marriage promise, and that said verdict and judgment included damages suffered by plaintiff by reason of wilful and malicious injury to her person and property by defendant and that said judgment is excepted from the operation of the discharge in bankruptcy.

It will be observed that this replication does not charge that seduction occurred or was proved in the original action. It does not aver that the intercourse which produced the child was had after a promise of marriage. For all that there appears said intercourse resulting in said child may have been before said marriage promise. There is no averment that on the trial of the breach of promise action any proof was introduced of any seduction. The replication implies

and concedes that the intercourse which produced said child was with consent of plaintiff; and in Illinois a plaintiff cannot maintain an action for her own seduction accomplished with her consent. *Beseler v. Stephani,* 71 Ill. 400. There is therefore no averment of fact in the replication which showed that damages for seduction were proved by way of aggravation of damages in said breach of promise case or that could make any such proof admissible. Moreover, we conclude that said release, set out in said plea and admitted in said replication, did satisfy and discharge any damages by reason of any sexual intercourse between defendant and plaintiff prior to the date of said release. It is worthy of note that the Montana case, relied upon by plaintiff (*In re Maples,* 105 Fed. 919), rested upon a statute of said State which permitted an unmarried female to recover damages for her own seduction. We therefore conclude that the court properly sustained the demurrer to the replication to the third plea. Plaintiff elected to stand by that replication, and the replication being held bad, the third plea stands confessed by plaintiff, and it was a plea to the whole cause of action.

Plaintiff contends that we should not have disposed of the case without passing on the demurrer to the four amended replications to the first and second pleas. The third plea so confessed bars the action. It is therefore immaterial whether the replications to the first and second pleas are good or bad. One good plea in bar to the whole declaration confessed to be true, as this plea is confessed, terminates the suit even if other pleas are bad. *Ward v. Stout,* 32 Ill. 399; *Miles v. Danforth,* 37 Ill. 156; *Hunter v. Bilyeu,* 39 Ill. 367.

The judgment is therefore affirmed and this opinion as modified will be refiled, and the petition for a rehearing is denied.

*Judgment affirmed.*