HUGH SMITH, Appellant, *v.* JOHN T. WEBB, Appellee.

### APPEAL FROM SANGAMON.

If a count possesses all the attributes of a count in debt, commencing and concluding as such, but uses the word "promised" instead of the word "agreed," it will not be regarded as in assumpsit.

If the pleader misnames the instrument sued on, by calling it a note instead of an agreement, it will not be fatal to the declaration.

THIS cause was decided by DAVIS, Judge, at December term, 1853, of the Sangamon Circuit Court. The instrument sued on was in the usual form of a promissory note, but was under seal.

N. M. BROADWELL, for Appellant.

STUART and EDWARDS, for Appellee.

CATON, J. A general demurrer was filed to the declaration, which was overruled by the circuit court and judgment rendered thereon; and this decision of the court is assigned for error. The objections to the declaration are, that it commences and concludes in debt; but, in the body of the declaration, it is averred that the defendant *promised* instead of *agreed* to pay, and also, that the instrument declared on is called a promissory note, and stated to be under the hand and seal of the defendant.

The first objection is precisely answered by the decision of this court in the case of *Cruikshank* v. *Brown*, 5 Gilman, 75. In that case, the same identical objection was raised to the declaration, to which the court said : "We do not, however, admit that when a contract is specially declared upon, and the count possesses all the attributes of a count in *debt*, commencing and concluding as such, that it is to be regarded as a count in

assumpsit, merely because the word *promised* is used in place of the word *agreed.*" In that case the count was held good, and from that decision we are not inclined to depart. Nor is the second objection any more valid. Admitting that the pleader misnamed the instrument sued on, by calling it a note instead of a covenant or an agreement, we do not think it fatal to the declaration, and especially upon general demurrer. The party was not misled or injured by it.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*