## BISHOP *v.* GRIFFITH.

1. When an *instrument,* lacking one of the incidents of a promissory note, was nevertheless so misnamed, but was thereafter correctly described in the declaration according to its legal effect, in an action thereon between the parties ; *held,* as the defendant was not misled, the instrument was properly received in evidence.

2. As a general rule the allegation of the performance of a contract cannot be supported by proof of performance of a substituted contract.

*Appeal from District Court of Arapahoe County.*

ASSUMPSIT. The plaintiff had judgment in the court below for $1,857.35. The case is stated in the opinion.

Messrs. WELLS, SMITH & MACON, for appellant.

Messrs. CHARLES & DILLON, for appellee.

THATCHER, C. J. The instrument in writing sued on is in the following form :

                       "CHICAGO, *April 21st,* 1870.

"Due D. Thos. Griffith, one thousand four hundred and twenty-five dollars, on or before the first day of January, A. D. 1871, for value received, payable to him in person, or, in case of his death, then to his heirs or executors ; but, for reasons well known between the parties, this note is not negotiable.                    A. E. BISHOP."

The declaration contained a special count only, upon a promissory note. Although the instrument, as particularly described in the declaration, differs in legal effect in no respect, as between the parties, from the instrument offered in evidence, the appellant insists that the court erred in allowing it to be read in evidence. The ground of his objection is, that the plaintiff, before describing the instrument in his declaration, according to its terms, *misnamed it a promissory note.* As it is sought, in the body of the instrument, to restrain its negotiability, and as all promissory notes and due-bills, under our laws, are declared to be negotiable

by indorsement, it is claimed that this instrument was not properly received in evidence. Without stopping to consider the effect of the restrictive words incorporated into the instrument, as the suit is between the original parties to it, it is sufficient to say, that although it may lack one of the legal incidents of a promissory note, under our statute, as it is thereafter correctly described, according to its legal effect as between the parties, the court did not err in admitting the instrument. *Smith* v. *Webb*, 16 Ill. 105. No injury could result to the defendant. The instrument, as described, was in no way misleading.

The third plea, upon which the defendant chiefly relied at the trial, alleges, that the plaintiff, through his agent, sold to the defendant certain mining property, to wit: the undivided one-sixteenth interest in the Par Lode and Tunnel Property at Georgetown, for the price of three thousand one hundred and twenty-five dollars; and that, upon such purchase or sale, the defendant paid the sum of seventeen hundred dollars, and executed his note for the balance of the purchase-money; that by the contract of sale, the plaintiff sold the said interest in said mining property, upon condition that the said plaintiff should make a perfect title to the same, and also, upon the condition that every thing in regard to said property was as represented to him by the plaintiff's agent.

The contract of sale is set out *in haec verba.* The plea further avers, that the plaintiff had never made, or offered to make to him a deed to the property he had agreed to convey; and further, that the plaintiff had no valid title himself, and could convey none to the defendant.

The defendant further avers, that the mining property was the only consideration for said promissory note, and that said consideration had wholly failed.

The plaintiff, in reply to this plea, averred that he had made the defendant a good and sufficient title to the said mining property, in the said plea mentioned. The mining property described could only be conveyed by deed.

Whether the plaintiff had by deed conveyed to the defendant an undivided sixteenth interest in the Par Lode and Tunnel Property was put in issue. No deed from the plaintiff, conveying or purporting to convey to the defendant any such interest, was offered in evidence.

For the purpose of proving performance of the agreement, on the part of the plaintiff, evidence, however, was let in, tending to show the organization of the Par Mining and Tunnelling Company ; and a deed was read in evidence, executed by David Thomas Griffith to " Daniel P. Kidder, John P. Owen, A. E. Bishop, Henry M. Kidder, David T. Griffith, Henry E. Pickett, and their associates, trustees of the Par Mining and Tunnelling Company," purporting to convey to them the " *Par Tunnel Site ;* " that after the contract of sale, entered into between H. M. Kidder, as the agent of the plaintiff of the one part, and the defendant of the other part, it was agreed, at a meeting of the trustees of said company, that the entire property should be conveyed to them ; that the defendant was present at such meeting, and consented thereto. This evidence was excepted to, on the ground that it was not pertinent to the issue. The jury may have found, on the evidence, that the defendant accepted the performance of the substituted agreement as performance of the original agreement. The plaintiff having averred performance of the original agreement, was required to show performance according to its terms. The defendant had, by the pleadings, no notice that the plaintiff relied upon the performance of an agreement, essentially different from that set up by the defendant as the sole consideration for the note. It was, doubtless, competent for the parties, to change the terms of their original agreement. If an alteration had been made, and that fact pleaded, a legal reason for the non-performance of the original agreement would have been made to appear. If properly pleaded, the performance of the substituted agreement, if performed according to its terms, might have entitled the plaintiff to recover. But the evidence admitted involved a

departure from the issue.   We are of opinion that, as a general rule,. an allegation of performance of a contract, cannot be supported by proof of performance of a substituted contract.   *Crandall* v. *Clark*, 7 Barb. 169 ; *Warren* v. *Bean*, 6 Wis. 122, and authorities there cited ; *Thompson* v. *Jewell*, 1 A. K. Marshall, 95.

This doctrine is not thought to be at variance with the doctrine announced in *The Atlantic Insurance Co.* v. *Manning*, 3 Col. 224, that the averment of performance of a *formal* condition precedent, in an insurance policy, to the effect that preliminary proof of loss should be furnished to the company by the insured, is supported by proof of total waiver of that requirement.   Such a condition, it is held by the supreme court of Pennsylvania, is merely formal, and, at most, a condition precedent, not to the undertaking of the insurers, but to the right of action of the insured.   *Inland Insurance & Deposit Company* v. *Staffer*, 33 Penn. 403 ; *Hartford Fire Insurance Company* v. *Smith & Doll*, 3 Col. 422.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

*Reversed.*