Beal v. Pratt.

---

## Lewis Beal, Executor, etc., v. George W. Pratt.

1. PRACTICE—*What Amounts to Waiver of Objections to Affidavit for Continuance.*—Where a party objected to the sufficiency of an affidavit asking for a continuance on the ground of the sickness of a witness, and such objection being overruled, admitted that the witness, if present, would testify as stated in the affidavit, *it was held* that such admission amounted to a waiver of any objection to the sufficiency of the affidavit not specially assigned.

2. TRIALS BY THE COURT—*Presumption in Favor of Finding.*—Where a case is tried by the court without a jury, it is presumed that all incompetent and irrelevant evidence is disregarded in reaching a conclusion, and if the record contains enough that is competent and relevant to support the finding it will be sustained, unless it affirmatively appears that the court relied upon incompetent or irrelevant evidence or erred in some other respect.

Assumpsit, for nursing, etc. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

W. S. EDWARDS, attorney for appellant.

A. M. BARNETT, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of $235 obtained by appellee against the estate of Aaron Beal, deceased, for service rendered. It is urged as a ground of reversal that the court erred in permitting the plaintiff to prosecute as a poor person.

It seems somewhat absurd to consider such a question after the plaintiff has shown a right to recover and has obtained a judgment for his cost against the defendant whose complaint or apprehension was that he might lose his costs unjustly expended unless security should be given. On the other hand if the defendant had succeeded he would have no practical way of relief. It has been uniformly ruled that an application of this sort is addressed to the sound discretion of the court. From the meagre statement of the affidavits as found in the abstract we are not prepared to say the judicial discretion was abused in this instance.

Next it is urged that the court erred in holding sufficient an affidavit for continuance presented by the plaintiff. The abstract does not profess to set out the entire affidavit but from what is presented, it appears that the testimony of the witness was material, that she had been subpœnaed, and was not in attendance because of sickness.

It is suggested that the affidavit does not disclose the residence of the witness, and perhaps she was a resident of another county or was ill when the suit was brought, in which case her deposition might have been taken.    Whether either of these conditions should be inferred, could be better determined if the entire affidavit and the certificate of the physician were set out in the abstract.    Nor does it appear that the objection now urged was presented to the court; but the defendant, to avoid a continuance, admitted that the witness, if present, would testify as stated in the affidavit.    We are inclined to hold that this was a waiver of any objection not specially assigned.    When such an affidavit is presented the court should not be required to perform the work of counsel in searching for objections, and the record should show what particular objections were made, so that the court might pass upon them; and where the affidavit is admitted to save a continuance, all objections not so pointed out should be considered waived.

The point must be held untenable.

By consent of parties a jury was waived and the cause submitted to the court.

It is now insisted that the evidence does not support the finding.    It appears that for some three months the plaintiff rendered the services of a nurse to the said Aaron Beal, who was then suffering from an incurable disorder of which he subsequently died.

Dropsy was one of the prominent symptoms and it was necessary to bathe and dress the swollen parts and to render other personal attentions essential to the comfort of the patient, which need not be detailed, and it appeared that such service was worth from $2.50 to $3 per day.    There was evidence tending to show that the plaintiff had at the request of Mr. Beal given up other employment and undertaken this service at an agreed price of $3 per day, and that Mr. Beal expressed himself more than once as being well satisfied with the service as rendered.

Such work is not usually considered very desirable.    There is much about it that is quite unpleasant to most persons

and in this instance it seems that the plaintiff, who was the husband of one of the daughters of the sick man, was for some reason selected by him in preference to others of his family and that but for the active and persistent interference of those others the employment would have been continued. But by means of such interference he was induced to dismiss the plaintiff. It is argued now that the evidence shows that the plaintiff's wife was at the house of her father during all this time and that her board should be deducted from the price agreed upon.

It appears she was there before the plaintiff undertook the service, he being then at another place and otherwise employed. There is nothing to show that there was any purpose in the mind of her father to charge her with board. It is to be presumed there was not, under the circumstances disclosed. It is also urged that the plaintiff spent a good part of his time hunting for medicinal herbs and roots which he sold at a considerable price, and that while so engaged he not only neglected his patient but used a horse and wagon belonging to him, for which a charge should be made. It is uncertain, from the proof contained in the abstract, how much time was devoted to such purposes, and whether the plaintiff sought or obtained anything except for the use of Mr. Beal, or, if so, how much it was worth. Be this as it may, the evidence tends to show that he did not neglect his duties as a nurse, and that no objection was made by Mr. Beal to the use of the horse and wagon, or to the amount of time so spent by the plaintiff. The court was probably justified in believing that this matter was very much exaggerated and that there was really nothing substantial in it.

The executor and one or more of the other parties interested in the defense, testified as to acts and statements of the plaintiff, and the latter appeared, on rebuttal, as a witness on his own behalf. It is argued that he was permitted to go into matters not within the range of such testimony of the interested witnesses for the defense. Perhaps it may be said that he did go beyond the line in this respect, but as appears from the proposition of law held by the court, his testimony

was treated as restricted to the conversations and transactions mentioned by such interested witnesses. Generally, where a case is tried by the court without a jury, it is presumed that all incompetent and irrelevant evidence is disregarded in reaching a conclusion, and where the record contains enough that is competent and relevant to support the finding, it will be sustained, unless it affirmatively appears that the court relied upon the incompetent or irrelevant evidence or erred in some other respect.

This is one of those unfortunate cases where the heirs of an estate have disagreed, and where the value of the testimony depended in an unusual degree upon the manner and appearance of the witnesses, and upon other circumstances that can not be reproduced in the record. The finding of the court is to be treated as having all the weight of the verdict of a jury. We see no good reason for interference, and the judgment will be affirmed.