## Albert A. Poiset et al., Appellees, v. Nettie Townsend et al., Appellants.

1. PLEADING—*when cross-bill may be filed.* When a party defendant in a chancery proceeding has filed an answer, that defendant may as a matter of right file a cross-bill germane to the orginal bill.

2. PLEADING—*when cross-bill germane to original bill.* In a partition proceeding a cross-bill which requires an accounting as to rents and profits after the death of the ancestor, is germane to the original bill.

3. JURISDICTION—*when question cannot be urged.* No question can be raised that a court of law was the proper forum in which to determine a particular issue if the parties have submitted such issue to a court of chancery without question.

4. WITNESS—*when party in interest competent.* Notwithstanding the adverse party sues in a representative capacity a party in interest is competent to testify as to matters against his interest.

5. ADMINISTRATION OF ESTATES—*propriety of allowance of claim where another party is jointly liable.* A claim is properly allowed against the estate of a deceased person who with respect to such claim was jointly and severally liable with another person.

6. ADMINISTRATION OF ESTATES—*when allowance of claims not binding upon heirs.* The rendering of a judgment in the probate court in the settlement of an estate, is not binding upon the heirs. When it is

sought to subject the real estate of the deceased to the payment of such judgments, the heir has a right to show either that the judgments are not proper claims against the estate, that the personal property has been misapplied or wasted, that there are personal funds which the administrator has not reduced to possession, or, in fact, anything that will defeat the right of the administrator to proceed against the real estate.

7. PARTITION—*what cannot be determined in proceeding for.* In a partition proceeding it is not proper for the court to determine the validity or invalidity of the action of the probate court in allowing claims against the deceased owner.

Partition. Appeal from the Circuit Court of Fulton county; the HON. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed December 13, 1911.

MARVIN T. ROBISON, for appellant.

R. F. ROBINSON and HARVEY H. ATHERTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Martha A. Poiset died June 25, 1908, and left surviving her Francis Poiset, her husband, and Albert A. Poiset, Louisa Fahey, and Nettie Townsend, her children and only heirs at law.

She died seized of the premises described in the bill of complaint for the partition of which this bill was filed by Francis Poiset, the surviving husband, who owned an undivided interest in part of the premises, and Albert A. Poiset, the son.

This appeal is not prosecuted for the purpose of having reviewed, and appellants do not question, the rights of the parties in the real estate as determined by the decree of partition. The portions of the decree which are appealed from relate to the question of rents and profits of the land; the right of Nettie Townsend, one of the defendants, to file a cross-bill for an accounting of rents and profits; to the rights of the adminis-

trator, who is made a party defendant to this proceed-. ing; to the findings of the court concerning the condition of the estate as reported by the administrator in the county court, and to the refusal of the court to determine the question of rents and profits as between the heirs.

On July 27, 1908, letters of administration upon decedent's estate were issued to John W. Barlow who assumed the duties of administrator. Judgments were allowed upon numerous claims presented in the county court, and on October 9, 1908, the administrator filed in the county court his report of the condition of the estate, showing a deficiency in the personal estate of $4,074.71. He made no application in that court to sell the real estate to pay debts, and is made a party defendant to this proceeding.

The bill avers that Albert A. Poiset, one of the complainants, was a tenant of Martha J. Poiset in her lifetime and was occupying all the premises except the city property at the time of filing this bill. It further avers that all rents due from Albert A. Poiset to March 1, 1908, were paid to the decedent in her lifetime, but contains no averments of the payment of any rent since that time, and does not ask for an adjustment of rents and profits. It avers the payment of taxes for the year 1908 by Albert A. Poiset, who asks to be reimbursed therefor; also that certain judgments have been allowed by the county court; that the report of the administrator shows there is insufficient personal property to pay the claims allowed, and prays that, if the premises are divided, the rights of the administrator be protected and that he be decreed to have a lien on the premises for whatever amount may be necessary to finally settle the estate, and that in the event of the sale of the premises that a sufficient fund be paid to him to make final settlement of the estate in the county court.

Nettie Townsend filed her answer denying that Albert A. Poiset had paid all rent accruing to the decedent in her lifetime, denying the validity of the judgments allowed in the county court, denying there is a deficiency of personal property to the amount of $4,074.71, and denying that Albert A. Poiset was entitled to be reimbursed for the taxes paid by him until he should account for the rents and profits.

The cause was referred to the master in chancery, the court rendered a decree on the master's findings with the exception of his findings designated as Nos. 2 and 10, to which exceptions filed by Nettie Townsend were sustained. These findings do not in any way affect the questions now raised by this appeal. The decree found that Albert A. Poiset had paid all rent due for the premises to the decedent to March 1, 1908. It made no findings as to the rents accruing from March 1, 1908, to the time of the death of the decedent, June 25, 1908, or from June 25, 1908, till the filing of the bill, but found that the court had no jurisdiction under the pleadings and evidence to adjudicate the question of the rents and profits in this proceeding, or to require an accounting therefor from June 25, 1908, the time of the death of the decedent.

After the report of the master was filed, Nettie Townsend asked leave to file a cross-bill praying for an accounting of the rents and profits from the death of the deceased until the filing of the bill. The chancellor refused to permit the filing of this cross-bill.

When a party defendant in a chancery proceeding has filed an answer, that defendant may as a matter of right file a cross-bill germane to the original bill. While rents and profits accruing from these premises prior to June 25, 1908, if any were unpaid, belonged to the administrator as personal property, from the death of the decedent, June 25, 1908, until the filing of the bill, the rents and profits belong to the heirs and not to the administrator, and was germane to the

original bill; the rights of the parties to those rents and profits should have been determined. It was error for the chancellor to deny to Nettie Townsend the right to file her cross-bill for this purpose; she should have been permitted to file it, and defendants required to answer.

Upon the contention by appellants that the court erred in finding that Albert A. Poiset had paid all rents due up to March 1, 1908, to the deceased during her lifetime, or to her husband for her, this was a question presented by the averments of the bill in this case; issue was joined thereon by the defendant, Nettie Townsend, denying that the rents had been so paid. No question was raised that a court of law was the proper forum in which to determine this question, and the parties having submitted this question to the court in this proceeding, they cannot now insist that the court did not have the right to determine that question.

It is insisted that Francis Poiset, the surviving husband, was an incompetent witness to show payment of this rent. The question of his incompetency depends on whether his testimony was for or against his interest in this cause. If any such rent was due it was personal property belonging to the estate of Martha J. Poiset. As surviving husband he was entitled to receive one-third of the personal estate after payment of the debts. It was to his interest to have more than sufficient personal property to pay the debts. The effect of his testimony was to reduce the personal estate. His testimony was against his own interest. He was, therefore, a competent witness. But conceding that he was incompetent, there is sufficient competent evidence to show this rent was paid.

Appellants also insist that because one of the notes for $3,000 on which judgment was allowed against the estate was signed by decedent jointly with Francis Poiset, the surviving husband, and the consideration therefor was the purchase of the city property in Avon,

the title to which was conveyed to them jointly, it is not a proper claim against the estate. That fact would not deprive the owner of the note from proceeding against the estate for the amount of the note, but if the estate was required to pay it the administrator should then be required to proceed against the other joint maker for his contributive share.

It is insisted by appellants that the chancellor erred in refusing to determine by his decree the validity or invalidity of the judgments in the county court against the estate, and that the heirs should have had the right in this proceeding to determine whether their interest in the real estate should be taken for the purpose of paying those judgments. The chancellor properly found that the question of the validity or invalidity of those judgments could not be determined in this proceeding, and, therefore, should not have found there was a deficiency· in the personal estate and that it amounted to $4,074.71; for the reason that the administrator asks no relief by cross-bill but only appears as a defendant.

It has been repeatedly held that the rendering of a judgment in the county court in the settlement of an estate is not binding upon the heirs. When it is sought to subject the real estate to the payment of these judgments, the heir has a right to show either that the judgments are not proper claims against the estate, that the personal property has been misapplied or wasted, that there are personal funds which the administrator has not reduced to possession, or, in fact, anything that will defeat the right of the administrator to proceed against the real estate.

In the decree awarding partition the chancellor should not have found there was a deficiency in the personal estate or determined the rights of the administrator, as it then had no power to direct that any fund should be paid to him; unless the circuit court should finally, upon report of the commissioners that

the premises were not susceptible of division, enter a decree directing a sale of the premises, it could make no provision for the administrator. It should only enter a decree subject to the rights of the administrator. The question of what rights the administrator had in this proceeding should have been reserved until after the report of the commissioners and his rights preserved in the decree of sale, if one was ever entered.

The administrator had a right to resort to a sale of all of this real estate, if it was necessary for the payment of debts, without any decree by a court of chancery, and the question as to whether or not the administrator should be paid any funds out of the proceeds of the sale of real estate in a partition proceeding should not be determined by the court before it is authorized to decree a sale. While it has been held that upon entering a decree of sale the Court has the right to decree that a certain amount shall be paid to the administrator for the purpose of a final settlement of the estate, any such fund being paid to the administrator must go into his hands as the proceeds of the sale of real estate, and the decree should direct that whatever amount is so paid to him should be held by him as the proceeds of the sale of real estate, and be accounted for by him to the County Court as such, and upon application by the administrator in that court to apply that fund to the payment of judgments allowed against the estate. The heirs will then have the right to contest the right of the administrator to so apply it.

The court properly found that Albert A. Poiset had paid taxes for the year 1908, and that he should be reimbursed therefor, as payment was made for the benefit of the heirs. If any fund should be found to be due from him to the heirs on taking an account of the rents and profits, this should be offset against his claim for taxes.

For the errors indicated, the decree must be reversed and remanded.

*Reversed and remanded.*