William H. Barrett and Charles R. Barrett, Trading as Barrett & Barrett, for use of William H. Barrett, Defendant in Error, v. John Regan, Plaintiff in Error.

## Gen. No. 17,613.

1. SET-OFF AND COUNTER CLAIMS—*when set-off not allowed.* In an action on contract, set-off for damages for the breach thereof will not be allowed defendant when he has himself failed to perform his obligations thereunder.

2. CONTRACTS—*where not assignable, account may be assigned.* The fact that a contract is not assignable does not prevent an account matured under it from being assigned.

Error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 11, 1913.

MYER S. EMRICH, for plaintiff in error.

H. M. PIERCE, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

On December 3, 1902, Barrett & Barrett, beer merchants, were thrown into involuntary bankruptcy. Prior to that time the defendant, John Regan, who is the plaintiff in error here, had been buying beer of them. On February 6, 1905, an order was entered in the United States District Court directing the trustee, the Equitable Trust Company, to deliver the accounts receivable and books of account of said firm to the plaintiff, William H. Barrett, upon receipt of a certain quitclaim deed. Thereupon the Trust Company transferred and assigned all the interest of the bankrupt firm in their accounts to the said Barrett. Barrett brought suit on account for $162.50, claimed to be owing by the defendant to the bankrupts. In defense the defendant introduced in evidence the following agreement:

"CHICAGO, Dec. 5, 1901.

"I hereby agree to use beer furnished by Barrett & Barrett exclusive in my place on No. 502 North Clark St. for the term of five years and five months from date, for the following consideration.

"They are to furnish me four barrels each month for five months gratis, and three barrels per month for five years, gratis for the balance of the term. For the balance of the beer which he can sell Mr. Regan agrees to pay $5.00 per barrel net.

Yours respectively,

(Signed) JOHN REGAN.

"Accepted, BARRETT & BARRETT."

As we understand the contention of the defendant, it is, that there can be no recovery upon the admitted balance of account owing by the defendant to Barrett & Barrett and assigned to the plaintiff, because the contract was not assignable, and that the defendant—the suit having been brought in a justice court—was entitled to a set-off of $200 (being the largest amount for which a set-off may be interposed in a justice court), because of a failure of Barrett & Barrett to

carry out the contract for the full period of five years.

There is testimony to the effect that a receiver for Barrett & Barrett continued to do business for a time; that on December 5, 1902, two representatives called upon the defendant to ascertain why he refused to accept beer as usual, and were told by him that he had made other arrangements, having entered into a contract with another brewery to furnish beer. Defendant denied that the conversation took place.

The trial court held, as requested by the defendant, that the contract above mentioned was not assignable. He was not asked to hold, and did not hold, that the matured account was not assignable.

We have carefully examined the record for evidence that the defendant suffered loss because of a breach of the contract, but have been unable to find any. It is stated in the brief that his loss was over $800. This presumably is based upon the amount of free beer he was to get under his contract during the unexpired term. It is clear that under the contract he would not be entitled to the free beer unless he continued to trade with Barrett & Barrett and pay for the beer that he obtained from them. There is no proof of the set-off. Defendant asked for a continuance of the case on the ground of surprise, but a proper affidavit was not filed.

We find no reason for reversing the judgment of the Circuit Court, and the same will therefore be affirmed.

*Affirmed.*