## The People of the Village of Moweaqua for use of I. H. Johnson, Appellees, v. W. A. Morgan et al., Appellants.

1. APPEAL AND ERROR, § 1431*—*when refusal to require security for costs harmless*. Refusal of court to require a plaintiff to file security for costs, *held* harmless where the judgment was rendered in his favor.

2. OFFICIAL BONDS, § 19*—*liability on village marshal's bond*. A person unlawfully arrested and beaten by a village marshal may recover on the latter's official bond given under section 75, ch. 24, Hurd's R. S., J. & A. ¶ 1347, where the act was done in his official capacity by virtue of his office.

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. MCBRIDE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

CHAFEE & CHEW, S. CLAPPER and GEORGE B. RHOADS, for appellants.

GEORGE T. WALLACE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is a suit in debt against the principal and sureties of the bond given by W. A. Morgan as night policeman of the Village of Moweaqua for the use of I. H. Johnson, and it is alleged in the declaration that on the night of November 1, 1909, Morgan, as such policeman under color and by virtue of said office, did unlawfully and without reasonable or proper cause

*See Illinois Notes Digest, Vols. X and Cumulative Quarterly, same topic and section number.

and without warrant arrest said Johnson forcibly and unlawfully, took him to the jail of said Village and incarcerated him therein, and without any reasonable cause or provocation brutally, maliciously and unlawfully struck and beat him with a club and broke the large bone of his right leg. The penalty of the bond was five hundred dollars. The jury returned a verdict assessing damages in the sum of $250, on which verdict judgment was rendered; to reverse which this appeal is prosecuted.

It is first urged that the trial court erred in refusing to require the beneficiary plaintiff to file security for costs. If there was any error in said action it worked no injury to the defendants, as judgment has been rendered in favor of the plaintiff. *Beal v. Pratt,* 67 Ill. App. 483.

It is next contended that no recovery can be had on the bond of the village marshal by a third person as beneficiary plaintiff for acts of this character because the statute does not specifically prescribe such liabilities. Section 75 of chapter 24, Hurd's R. S. (J. & A. ¶ 1347), provides: "All officers of any city or village, whether elected or appointed, shall, before entering upon the duties of their respective offices, take and subscribe the following oath or affirmation: * * * And all such officers, except aldermen and trustees, shall, before entering upon the duties of their respective offices, execute a bond with security, to be approved by the city council or board of trustees, payable to the city or village, in such penal sum as may, by resolution or ordinance, be directed, conditioned for the faithful performance of the duties of the office and the payment of all moneys received by such officer, according to law and the ordinances of said city or village."

Official acts in the performance of the duties of an office do not mean simply the lawful acts of the officer holding that office, but include all acts done in his

official capacity under color and by virtue of said office. *Campbell v. People*, 154 Ill. 595. The object of requiring official bonds is to obtain indemnity against the use of an official position for wrongful acts done under color of the office. *Greenberg v. People*, 225 Ill. 174. The bond of a city treasurer is governed by the above section of the statute, which includes all city and village officers, and in the case of *City of East St. Louis v. Flannigan*, 26 Ill. App. 449, it was held that the sureties of the treasurer's bond were liable to a third person damaged through the unlawful acts of the treasurer done in his official capacity by virtue of his office. The same rule must be applied to the case of a village marshal.

There was no harmful error in the giving or refusing of the instructions, and as the evidence tends fairly to support the verdict, the judgment is affirmed.

*Affirmed.*