## Sol H. Stern, Appellee, v. Edgar E. Gelder, Appellant.

## Gen. No. 6,958.

1. GUARANTY—*assignability of cause of action under nonassignable contract.* Regardless of whether a contract of guaranty of the ·debt of another was special and nonassignable, when the debt which it guaranteed became due and was not paid, the guaranty ripened into a cause of action which could be assigned.

2. ASSIGNMENTS—*assignability of money due under nonassignable contract.* Although a contract may be such that it is not assignable, money which has become due under it may be assigned.

3. GUARANTY—*when evidence sufficient to support instruction as to consideration.* Where plaintiff's assignor, who was president of a corporation which owed him a sum of money, testified that he told defendant that he proposed to remain in that office to be able to enforce payment and defendant executed a contract of guaranty and the president then resigned, there was sufficient evidence to support an instruction that if plaintiff's assignor was about to take steps to secure payment of the money due him and defendant executed ·the guaranty in question to prevent such action and such

action was not taken because of reliance on the guaranty, there was a sufficient consideration for the guaranty.

4. GUARANTY—*sufficiency of consideration.* Resignation of the presidency of a corporation was sufficient consideration for the execution of a guaranty of payment of a debt due to the president from the corporation by one who desired such resignation.

Appeal from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922.

GEORGE J. JOCHEM and MARY DOUBET CASSELL, for appellant.

NATHAN H. WEISS, for appellee; LEVINSON & HOFFMAN, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

This is a suit in assumpsit brought by the appellee, Sol H. Stern, against the appellant, Edgar E. Gelder. The declaration consisted of the common counts and a special count based upon a claim of one A. E. Rosenthal against the appellant and by Rosenthal assigned to the appellee.

So far as material to the decision of this case, the facts are that Rosenthal was from the beginning of 1918 until some time in August of that year, president of the American Tractor Corporation which was on August 5, 1918, indebted to him in a sum approximating $1,848 for salary and expenses. The appellant, Gelder, wishing to become president of the company, asked Rosenthal to resign. Rosenthal refused to do so because, as he told Gelder, he could, while president, take action to enforce this claim. Thereupon Gelder offered to guarantee the payment of the claim and upon the acceptance of his offer by Rosenthal executed and delivered to him an instrument as follows:

## ERRATUM

### ILL. APP. VOL. 224, PAGE 91

SECOND PARAGRAPH FROM BOTTOM SHOULD READ:

The appellant makes only two contentions: First, that the written guaranty is special and not assignable: and second, that the court erred in giving appellee's instruction No. 5.

Aug. 5th, 1918.

"A. E. Rosenthal,
    Chicago, Ill.

"Dear Sir: For One Dollar and other considerations, payment of which is hereby acknowledged, we guarantee the payment to you of your claims against the American Tractor Corp. for salary and expenses as shown on their books, amount approximating $1700.00 and agree if the American Tractor Corporation does not pay this account in sixty days from date, to pay it ourselves.

E. E. Gelder."

The amount due Rosenthal was not paid within 60 days. The corporation went into involuntary bankruptcy in January, 1919. On the 9th day of April, 1920, Rosenthal assigned to the appellee, Stern, his claim against the American Tractor Corporation and on July 16, 1920, assigned to Stern his claim against E. E. Gelder. This assignment, after reciting the execution of the guaranty above set forth, provides: "The undersigned hereby transfers, assigns and sets over unto Sol H. Stern his, the undersigned's, claim against the said E. E. Gelder, arising out of the guaranty aforesaid by said Gelder of the payment of the undersigned's claim against the American Tractor Corporation." Having received these assignments, Stern filed this suit against Gelder in which he recovered judgment for $1,727.02.

The appellant makes only two contentions: First, forth is a special guaranty or whether it is assignable; and second, that the court erred in giving appellee's instruction No. 5.

We deem it unnecessary for us to discuss the question of whether the instrument of guaranty above set forth is a special guaranty or whether it is assignable, for the reason that the instrument in question assigns only Rosenthal's claim against Gelder arising out of the guaranty. Rosenthal's claim against the American Tractor Corporation remained unpaid after

the end of 60 days from the execution by Gelder of the guaranty. The money was due from Gelder and the guaranty had ripened into a cause of action. Therefore, under section 18 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 18) Stern could maintain an action in his own name.

Although a contract may be such that it is not assignable, nevertheless, money which has become due under it may be assigned. (*Barrett v. Regan,* 177 Ill. App. 311; *Sloan v. Williams,* 138 Ill. 43; *In re Wright,* 85 C. C. A. 206, 157 Fed. 544; *Browne & Co. v. John P. Sharkey Co.,* 58 Ore. 480.) The first contention of appellant therefore does not reach the merits of the case.

Instruction No. 5 told the jury that if Rosenthal was about to take steps to secure the payment of the money due him and that the defendant executed the guaranty in question to prevent such action and that Rosenthal in fact relied upon the guaranty and did not take such action, this was a sufficient consideration for the execution of the guaranty. Appellant insists that there is no evidence in the record to support the instruction. With this we cannot agree. Rosenthal testified that he, as president, was in shape to collect the account and would collect it and proposed to remain in charge of affairs until he did collect it. In addition to this, there was ample consideration for the guaranty in the resignation by Rosenthal from the presidency of the corporation. There was no error in the above instruction.

The appellee raises various questions concerning the sufficiency of the record and abstract of the record to raise the question decided. Because of our conclusions as herein expressed, it is unnecessary to pass upon them. The judgment is affirmed.

*Affirmed.*