Peoples National Bank of Kansas City, Appellee, v. J. S. Cosden, Appellant.

Gen. No. 37,853.

Opinion filed December 27, 1935.

B. W. ROSENSTONE, of Chicago, for appellant; WEIGHTSTILL WOODS, of Chicago, of counsel.

GLICK & GOLDSTEIN, of Chicago, HENNING & BAKER and ROBERTSON, BODDINGTON & EMERSON, all of Kansas City, Kan., for appellee.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook county, for the sum of $14,742.61, against the defendant and in favor of the Peoples National Bank of Kansas City, Kansas.

It is alleged in the complaint filed in the cause that the plaintiff is a corporation, organized under the laws of the State of Kansas; that on July 7, 1931, at Fort Worth, Texas, the Richardson Refining Company, a corporation, by C. F. Dyckman, its secretary and treasurer, executed a promissory note, bearing date of the day of its execution, whereby the Richardson Refining Company promised to pay to the Kaw Steel Construction Company, a corporation, in 90 days after its date, the sum of $12,518, with interest from date at 6 per cent, the note being made payable at the Fort Worth National Bank, Fort Worth, Texas; that the note was given to the Kaw Steel Construction Company in payment of certain merchandise theretofore sold by the Kaw Steel Construction to the Richardson Refining Company; that on June 12, 1930, the defendant Cosden requested the Kaw Steel Construction Company to sell to the Richardson Refining Company certain merchandise to the extent of $25,000, and that Cosden, at the

same time, executed and delivered to the Kaw Steel Construction Company the following document:

"GUARANTY

"In consideration of merchandise hereafter to be shipped on past or future orders on credit by the Kaw Steel Construction Company to Richardson Refining Company of Fort Worth, State of Texas, and in order to induce such credits and shipments by said firm, the undersigned does hereby guarantee the prompt payment at maturity of all indebtedness so incurred by said Richardson Refining Company to said Kaw Steel Construction Company for all merchandise so shipped, not exceeding, however, at any one time the sum of Twenty-Five Thousand Dollars ($25,000.00).

"This Guaranty is accepted by the Kaw Steel Construction Company and credit extended and merchandise shipped upon the following conditions:

"The account or accounts or any part thereof for the merchandise that may be shipped by the said Kaw Steel Construction Company in reliance on his Guaranty may at any time be settled and adjusted between them and the principal debtor by note or notes of the debtor, either endorsed or unendorsed, and with or without further security, and the time of payment of said accounts or notes or other security given therefor may be extended from time to time by said Kaw Steel Construction Company to the principal debtor without notice to the undersigned, all of which may be done without, in any way, affecting obligations hereby created. The undersigned hereby expressly waives notice of the acceptance of this guaranty by said Kaw Steel Construction Company of all credits extended and shipments of merchandise made hereunder and of the taking of notes or other security for such indebtedness as may be incurred by the principal debtor to the said Kaw Steel Construction Company.

"This instrument is intended to be and shall be constructed to be a continuing Guaranty to the extent of the sum of Twenty-Five Thousand Dollars ($25,000.00) without further notice to the undersigned and shall not be revoked by the death of the Guarantor but shall remain in full force and effect until the undersigned or the executor or the administrator of the undersigned shall have given notice in writing to make no further advances on the security of this Guaranty and until such written notice shall be received by you from the undersigned or his executor or administrator. A registry return receipt for said letter shall be conclusive evidence of receipt of notice of revocation. Such revocation when made shall apply only to sales made by the principal debtor subsequent to the receipt of such notice of revocation, and any payments thereafter made by the principal debtor shall be applied as said Kaw Steel Construction Company may elect. In the event of default by the principal debtor in payment of the debt or any part thereof, recovery therefor may be had directly against the undersigned without previous notice or without requiring the prosecution of the claim against the principal debtor and upon such proof as is competent and admissible against the principal debtor.

"In Witness Hereof, I have hereunto set my hand and seal at Ft. Worth, State of Texas, this 12th day of June, 1930.

"J. S. Cosden

"Witness
J. J. Purcell."

It is alleged that subsequent to July 7, 1931, the Kaw Steel Construction Company, for a valuable consideration, assigned and transferred to the plaintiff bank the note signed by the Richardson Refining Company, and the guaranty signed by the defendant, and that the note was indorsed as follows: "The Kaw Steel Construction Co. By R. S. Wilkins, Treas." The guaranty bears the following indorsement:

"For value received The Kaw Steel Construction Co. hereby assigns, sets over and transfers to The Peoples National Bank of Kansas City the written guarantee of J. S. Cosden upon which this assignment is endorsed, together with all right existing thereunder as security and guarantee of a note for $12,518.00, dated July 7, 1931, maturing 90 days after date, given by Richardson Refining Company to The Kaw Steel Construction Company and endorsed to the Peoples National Bank of Kansas City, herewith.

"The Kaw Steel Construction Company
By R. S. Wilkins,
Secretary and Treasurer."

It is further alleged that no payment has been made on the note or on the guaranty, although demand for payment had been made, and that there is due plaintiff the sum of $12,518, together with interest from July 7, 1931.

A motion was made by defendant to strike the complainant's complaint. The motion was denied, and the defendant elected to stand on its motion to strike, and filed no answer to the bill of complaint. The court ordered that default be entered against the defendant for want of an answer, and on June 21, 1934, entered the judgment from which this appeal is being prosecuted.

One Wilkins, a witness produced by plaintiff, testified that he was secretary and treasurer of the Kaw Steel Construction Company of Kansas City; that the Kaw Steel Construction Company had furnished to the Richardson Refining Company certain refining equipment, and that this equipment was paid for by a note, and that the note was never paid; that he, the witness, requested that defendant furnish a personal guaranty of the Richardson Refining Company account prior to the delivery of the merchandise and that the guaranty referred to in the complaint was given to the witness;

that after the merchandise was furnished to the Richardson Refining Company by the Kaw Steel Construction Company, a demand was made on Cosden to pay the account, but that it was never paid; that the witness, as secretary of the Kaw Steel Construction Company, received the following letter from Cosden, dated New York, September 26th, 1932:

"Dear Mr. Wilkins:

"Am enclosing copy of letter received from my attorney, which explains the matter. I certainly will have to be guided by his advice, due to the circumstances as stated in his letter.

"I agree with him, and personally can see no reason for signing a new guarantee, as there is one still in force, and action can be taken on it if necessary.

"It is not my desire to evade the issue or to complicate the matter, but at the same time due to the condition of my affairs, it is imperative that I protect myself in every possible way.

"Undoubtedly the Richardson matter will be settled at an early date, and after that, a new guarantee can be drawn which will be satisfactory to you.

"With kindest regards, I am

"Very truly yours,
J. S. Cosden."

JSC MEC

This witness testified that the note in question not having been paid, the note and guaranty were discounted at the Peoples National Bank of Kansas City, and the note and guaranty were assigned to the bank; that the merchandise in question was delivered to the Richardson Refining Company prior to the assignment of the note and guaranty in question, to the plaintiff bank, and that no part of the sum claimed to be due on the note and guaranty had ever been paid.

The cashier of the plaintiff bank testified that the note in question was discounted at the Peoples National

Bank of Kansas City by the Kaw Steel Construction Company, and that the guaranty in question was assigned to the Peoples National Bank by the Kaw Steel Construction Company, and that the bank paid for the same and gave credit on its books to the Kaw Steel Construction Company to the amount of such consideration.

The defendant offered no proof. It is the contention of the defendant that the alleged guaranty is not assignable; that there is no allegation in the complaint that any merchandise was sold or credit advanced on the faith of the guaranty, and that the plaintiff has failed to file security for costs.

On the question of the failure of plaintiff, a non-resident corporation, to furnish security for costs, the record shows the following: Defendant was served with summons in the cause on April 3, 1934, and his appearance was filed therein on May 3, 1934. On May 7, 1934, at the request of the defendant, the following stipulation was entered into between the parties: "It is hereby stipulated and agreed by the attorneys for the plaintiff and attorneys for defendant, that defendant shall have up to and including the 21st of May, A. D. 1934, to file an answer in the above entitled cause." On May 28, 1934, defendant filed a written motion to dismiss the cause, and then for the first time raised the question as to the plaintiff's failure to file security for costs.

In *Trustees of Schools v. Walters,* 12 Ill. 154, with reference to a motion made that the plaintiff give security for costs, the Supreme Court said:

"The defendants were too late with the motion to dismiss, after answering to the merits of the action. It is a dilatory motion, in the nature of a plea in abatement, and if not made in due time, must be considered as waived by the party. The want of a bond for costs does not affect the jurisdiction of the court. It is required to be given for the benefit of the defendant, and

he may insist upon or waive his right. If he objects to the prosecution of the action because no security for costs was given when it was commenced, he must interpose the objection before he attempts any defense on the merits. He cannot raise the objection after the time has passed for pleading in abatement.'' See also *Randolph v. Emerick,* 13 Ill. 344; *Dunning v. Dunning,* 37 Ill. 306, and *People v. Cloud,* 50 Ill. 439.

Under the Civil Practice Act, the motion to dismiss is in the nature of a demurrer, and the motion that plaintiff be ruled to give security for costs is a part of and included in this motion to dismiss. Prior to the filing of this motion, a stipulation had been entered into at the request of the defendant to continue the time for filing the motion to dismiss. We are of the opinion that the motion, being dilatory in its nature, was not made in apt time, and that the failure of the court to require security cannot be assigned as error. Further, in view of the fact that the judgment is for plaintiff, even though the court erred in refusing to require plaintiff to furnish a bond for costs, such error is held to be harmless. *People v. Morgan,* 188 Ill. App. 250; *Beal v. Pratt,* 67 Ill. App. 483.

From the language of the guaranty executed by defendant, we gather that it was given as security for the payment of merchandise to be sold by the Kaw Steel Construction Company to the Richardson Refining Company up to the amount of $25,000, and that the taking of the note by the Kaw Steel Construction Company for the amount due this company from the Richardson Refining Company merely had the effect of liquidating or making certain the amount due at the time of the taking of the note by the Kaw Steel Construction Company. After the goods were shipped, and at the time the note and guaranty were assigned to plaintiff, the right of action of the Kaw Steel Construction Company against the defendant had accrued. The assignment of the note to the plaintiff corporation, to-

gether with the contract of guaranty, merely assigned to plaintiff the right to recover for monies then due, and agreed to be paid by the defendant to the Kaw Steel Construction Company.

In *Stern v. Gelder,* 224 Ill. App. 89, it appears from the opinion that the American Tractor Corporation was indebted to one Rosenthal to a considerable sum for salary and expenses, and that the defendant Gelder, wishing to become president of the corporation, asked Rosenthal to resign such office which he then held. This, Rosenthal refused to do, unless Gelder personally guaranteed the payment of the claim of Rosenthal against the American Tractor Corporation. Thereupon, Gelder executed the following agreement:

"A. E. Rosenthal,
Chicago, Ill.

"Dear Sir: For One Dollar and other considerations, payment of which is hereby acknowledged, we guarantee the payment to you of your claims against the American Tractor Corp. for salary and expenses as shown on their books, amount approximating $1,700.00 and agree if the American Tractor Corporation does not pay this account in sixty days from date, to pay it ourselves.

E. E. Gelder.''

The amount due Rosenthal from the American Tractor Company was not paid, and thereafter Rosenthal assigned to Stern, the plaintiff in the case, his claim against the American Tractor Company and against Gelder. Stern sued Gelder on the guaranty and recovered a judgment, from which the appeal was taken, and the point raised in the case was that the guaranty was special and not assignable, and in affirming the judgment, the court said:

"We deem it unnecessary for us to discuss the question of whether the instrument of guaranty above set forth is a special guaranty or whether it is assignable,

for the reason that the instrument in question assigns only Rosenthal's claim against Gelder arising out of the guaranty. Rosenthal's claim against the American Tractor Corporation remained unpaid after the end of 60 days from the execution by Gelder of the guaranty. The money was due from Gelder and the guaranty had ripened into a cause of action. Therefore, under section 18 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 18) Stern could maintain an action in his own name.

"Although a contract may be such that it is not assignable, nevertheless, money which has become due under it may be assigned. (*Barrett v. Regan,* 177 Ill. App. 311; *Sloan v. Williams,* 138 Ill. 43; *In re Wright,* 85 C. C. A. 206, 157 Fed. 544; *Browne & Co. v. John P. Sharkey Co.,* 58 Ore. 480.) The first contention of appellant therefore does not reach the merits of the case."

We are of the opinion that on the case made, the court was not in error in entering the judgment, and it is, therefore, affirmed.

*Affirmed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.