Charles H. Albers, Appellant, v. Nellye Holsman and Continental Illinois National Bank & Trust Company of Chicago, Executors of the Estate of Hyman Holsman, Deceased, Appellees.

Gen. No. 39,226.

Opinion filed March 15, 1937.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellant; JOHN A. O'NEIL, of Chicago, of counsel.

JAMES ROSENTHAL and SIDNEY LEVY, both of Chicago, for appellees; JAMES J. LAWRENCE, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

In June, 1926, H. Holsman, with a number of other individuals, signed an instrument guaranteeing the prompt payment of indebtedness of Temple Mizpah to the extent of $10,000, with interest; he died in August, 1934, and on October 29, 1934, William L. O'Connell, receiver of the Devon Trust and Savings Bank, a corporation, filed a claim in the probate court of Cook county against the Holsman estate; subsequently an amended claim was filed; the probate court disallowed the claim; the death of William L. O'Connell having been suggested and Charles H. Albers having been appointed his successor, the cause was continued in the name of Albers, receiver, as claimant; the claimant appealed from the order of the probate court to the circuit court, where, after hearing, the claim was disallowed, and the claimant appeals to this court.

Apparently both the probate court and the circuit court accepted defendants' view that the original claim filed in the probate court was void as stating no cause of action, and that the amendment was filed more than one year after granting letters testamentary and did not relate back to the date of filing the original claim.

In the original claim filed in the probate court the claimant asserted that there was attached to the claim "a copy of the note upon which his claim is based and that he has no other claim against said estate"; there are various indorsements on the back of the claim indicating that there was an amount owing of $12,689.82; attached to the claim was not a "note" as stated in the claim, but the guaranty signed by H. Holsman and others, guaranteeing the payment of the indebtedness of Temple Mizpah.

No regular pleadings are required in presenting claims in the probate court. In allowance of claims against estates the probate court looks to the substance

of the claim and not to mere matters of form. *Trego v. Cunningham,* 188 Ill. App. 70, 79. On inspection the court could have readily seen that the instrument upon which the claim was based was a guaranty and that the word "note" in the body of the claim was merely a misnomer—a clerical error. In the old case of *Smith v. Webb,* 16 Ill. 105, the plaintiff misnamed the instrument sued on, calling it a "note" instead of a covenant or agreement; a demurrer was overruled, the court saying that the defendant was not misled or injured by the mistake.

The brief for defendant seems to concede that this clerical error is not vital but asserts that the claim sets forth no cause of action because the guaranty runs to the Broadway National Bank of Chicago and not to the Devon Trust and Savings Bank or to its receiver, and that the claim fails to set forth any right by which the receiver of the Devon bank could institute suit on the guaranty. To this claimant replies that it was necessary to state in the claim only the ultimate fact and that the circumstances tending to prove this have no place in the statement of claim, citing *Lavis v. Wisconsin Cent. R. Co.,* 54 Ill. App. 636, 642. It would seem that as long as the claimant asserted in his claim that the Holsman estate was indebted to him upon the guaranty attached, the executors were given sufficient notice of the nature of the claim. Undoubtedly, upon the hearing it would be incumbent upon the claimant to prove his right to recover on the guaranty. Rule 11 of the probate court of Cook county provides that if claims filed against an estate are founded upon a written instrument a copy shall be attached to the claim. The claimant followed this rule.

But however this may be, we are of the opinion that the amendment which was subsequently filed, although after the year following the granting of letters testamentary, properly stated a claim against the estate,

and that it stated the same cause of action stated in the original claim and related back to that claim. Ch. 110, par. 174, subpar. 2 (Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.046) provides that an amended pleading shall not be barred by lapse of time if the time limited had not expired when the original pleading was filed and if it shall appear that the original and amended pleadings assert the same cause of action. *Zister v. Pollack*, 262 Ill. App. 170; *Willett v. Baltimore & O. S. W. R. Co.*, 284 Ill. App. 307.

In the amended claim filed March 6, 1936, it was stated that the claim was against the Holsman estate for money due upon the contract of guaranty given to the Broadway National Bank of Chicago; that the indebtedness of Temple Mizpah to Broadway National Bank was subsequently assigned with the guaranty to the Devon Trust and Savings Bank, of which William L. O'Connell was acting receiver; that the indebtedness secured by the guaranty was represented by a promissory note signed by Temple Mizpah for $12,500. It is clear that both the original and the amended claim related to and were based upon the same cause of action. The claimant and the amount claimed were the same in both the original and amended claim; a copy of the guaranty upon which the claim was based was attached to both the original and the amended claim; the only difference between the two claims is that in the first claim the word "note" appears instead of the word "guaranty," and the amended claim sets out more fully the right of the receiver of the Devon bank to prosecute the claim. Cases involving similar facts in which it has been held that the amended claim related back to the first claim filed are *Carter v. Pierce*, 114 Ill. App. 589; *Trustees of Old School Presbyterian Church of Kansas v. Estate of Paxton*, 180 Ill. App. 658, and *Johnson v. Devine*, 192 Ill. App. 453. Cases cited by counsel for the estate can be easily distin-

guished. In *In re Estate of Whipple*, 285 Ill. App. 491, the claimant first filed a claim for moneys due on certain interest coupon notes, and after the expiration of the year filed an amended claim for the amount due on the principal note; the court held that a note for principal and another for interest must be construed as constituting different causes of action. In the instant case there can be no doubt but that both claims are based upon the same guaranty.

Defendant asserts that the amended claim is insufficient in failing to allege that the claimant is the actual bona fide owner of the guaranty and how and when he acquired title thereto. We again revert, in answer, to what we have said concerning the informality of pleadings in the probate court. We do not understand that the present Practice Act has changed the practice which obtains in the probate courts.

Upon the hearing in the circuit court it was shown by the testimony of several witnesses that the note and guaranty in question were sold and assigned by the Broadway National Bank of Chicago to the Devon Trust and Savings Bank under an agreement whereby all the assets of the Broadway bank were sold and transferred to the Devon bank. No evidence to the contrary was offered.

The right of an assignee of a note and guaranty to bring suit was involved in *Peoples Nat. Bank v. Cosden*, 283 Ill. App. 31; there the plaintiff was the assignee of a note and guaranty, the guaranty signed by defendant, Cosden, and running to the Kaw Steel Construction Company; defendant argued that this was a special guaranty and not assignable; the court held that the guaranty was given as security for the payment of merchandise and that the assignment of the note and guaranty to the plaintiff merely assigned the right to recover for moneys then due, the court saying that although a contract may not be assignable, never-

theless the moneys which have become due under it may be assigned, citing cases. *Stern v. Gelder,* 224 Ill. App. 89, involved a similar question; the court held the money having become due the guaranty had ripened into a cause of action upon which plaintiff, the assignee, could maintain an action in his own name. It follows that the receiver of the Devon bank could maintain an action against the Holsman estate although the guaranty was given to the Broadway National Bank.

Defendant says that the claim cannot be prosecuted against Holsman's estate because a suit was instituted in the municipal court of Chicago against Hyman Holsman when alive and the other guarantors. Claimant could not substitute as defendant in the municipal court, the executors of the Holsman estate, for the reason that a judgment against living defendants and the executors would be for the payment of a sum with execution, whereas a judgment against the executors must be paid in due course of administration of the estate. *Witteman Co. v. Goeke,* 200 Ill. App. 108, 114; *Stevens v. Catlin,* 152 Ill. 56. A claim may be filed and allowed against the estate of a person who was jointly liable on an indebtedness for the full amount. *Poiset v. Townsend,* 166 Ill. App. 384, 388.

For the reasons above indicated the judgment of the circuit court is reversed and the cause remanded to that court with directions to reverse the order of the probate court which disallowed the claim, and for such further proceedings as may be necessary consistent with what is held in this opinion.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.